**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Carolina Water Service, Inc., Appellant,

v.

South Carolina Office of Regulatory Staff, Forty Love Homeowners' Association and Midlands Utility, Respondents.

Appellate Case No. 2012-208126

Appeal from the Public Service Commission
of South Carolina

Memorandum Opinion No. 2013-MO-015
Heard April 3, 2013 – Filed May 29, 2013

**REVERSED AND REMANDED**

Scott A. Elliott, of Elliott & Elliott, P.A., John M.S. Hoefer and Benjamin P. Mustian, both of Willoughby & Hoefer, PA, and Charles L.A. Terreni, of Terreni Law Firm, L.L.C., all of Columbia, for Appellant.

Charles H. Cook, of Cook Law Firm, Laura Puccia Valtorta, of Valtorta Law Office, and Jeffrey M. Nelson, Florence P. Belser, and Nanette S. Edwards, all of Columbia, for Respondents.

**PER CURIAM:** Carolina Water Service, Inc. appeals the Public Service Commission's order denying it rate relief solely on the basis of unacceptable quality of service, arguing the Commission does not have the authority to deny rate relief exclusively on the basis of service and even if it did, no substantial evidence exists in the record to support the Commission's conclusion. We find the order issued by the Commission inadequate for appellate review and reverse and remand for a more detailed order pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Utils. Servs. of S.C., Inc. v. S.C. Office of Regulatory Staff*, 392 S.C. 96, 111, 708 S.E.2d 755, 764 (2011) ("[T]he concerns raised at the public hearings were not sufficient to overcome the presumption of reasonableness as to *all* of Utility's claimed expenditures. Thus, rather than denying Utility's rate application in its entirety, the [Commission] should have adjusted Utility's application to reflect only those expenditures the [Commission] determined should be passed on to consumers."); *Heater of Seabrook, Inc. v. Pub. Serv. Comm'n of S.C.*, 332 S.C. 20, 27, 503 S.E.2d 739, 742 (1998) ("We have repeatedly emphasized the need for specificity in administrative orders. The need is particularly great when complex issues are involved, such as those generally found in utility rate setting cases."); S.C. Code Ann. § 1-23-350 (2005) ("A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings."); S.C. Code Ann. § 58-5-240(H) (Supp. 2012) ("The commission's determination of a fair rate of return must be documented fully in its findings of fact and based exclusively on reliable, probative, and substantial evidence on the whole record. The commission shall specify an allowable operating margin in all water and wastewater orders.").

Accordingly, we reverse and remand to the Commission for a more detailed order based on the present record. Specifically, we remind the Commission the utility company is entitled to the presumption of reasonableness in expenditures and the Commission must consider the actual expenditures undertaken and any increase in expenses that may entitle Carolina Water to some rate increase. As we have stated previously, "Administrative agencies are afforded wide latitude in making decisions, as shown in the deferential standard of appellate review. However, the writing of orders without sufficient detail or analysis, coupled with this standard of review, can make their decisions as a practical matter unassailable on appeal." *Heater of Seabrook*, 332 S.C. at 27, 503 S.E.2d at 742. We therefore caution the Commission to consider and discuss all the salient facts in determining

whether Carolina Water is entitled to a rate increase. We need not determine whether or not the Commission possesses the authority to deny a rate increase in toto based upon customer complaints because the record in this case does not establish that the billing and service complaints were anything more than anecdotal; they were certainly not systemic and therefore cannot serve as the basis for completely eviscerating the utility's proposed rate increase.

**REVERSED AND REMANDED.**

**PLEICONES, A.C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**